## WILSON v. WILSON.

### No. 3896.

Court of Civil Appeals of Texas. El Paso.

Jan. 11, 1940.

Louis R. Stein and McBroom & Clayton, all of El Paso, for plaintiff in error.

Potash & Cameron and John B. Howard, all of El Paso, for defendant in error.

PRICE, Chief Justice.

This suit was instituted in the District Court of El Paso County, Texas, by A. F. Wilson, as plaintiff, against C. B. Wilson, defendant. Plaintiff alleges a partnership

relation existing between plaintiff and defendant from 1912 to the date of the suit; that the parties were doing business under the firm name and style of International Engraving Company. The assets of the partnership were alleged to be $9,000 with no liabilities except current expenses amounting to about $300. Plaintiff sought to establish a one-half interest in certain property, the title to which stood in the name of the defendant, on the ground that partnership money was used to pay for same and to construct the improvements thereon. He further sought to charge defendant with $1,560 on account of defendant's failure to attend to his duties as a partner, by reason of which it was necessary to expend $1,560 for additional help. Plaintiff further alleged that he had drawn approximately $100 per month from the partnership and the defendant had drawn therefrom $300 to $400 per month; that defendant was accordingly indebted to plaintiff for such excess drawing. Plaintiff sought an accounting of all partnership matters and for judgment against defendant for the amount found due and the judgment be adjudicated a lien on the partnership assets, and that same be sold at public sale for the purpose of satisfying plaintiff's debt. A dissolution of the partnership was sought.

Defendant answered by general demurrer and general denial and specially pleaded that during the year 1912 the partnership was entered into between plaintiff and defendant and plaintiff and defendant's mother, Mrs. Minnie Wilson; that she died in the year 1931, and said partnership continued with plaintiff and defendant to this date. Further that from the institution of the business in 1912 to the present time books and accounts had been kept by the partnership company; that the books and accounts kept from 1912 to 1919, inclusive, had been misplaced, lost, burned or otherwise destroyed, and that defendant could not give the exact amounts drawn by plaintiff and defendant during those years; he alleges that during those years their withdrawals were practically equal; that since 1919 to 1937, inclusive, that plaintiff had withdrawn $39,058.97 and defendant had withdrawn $39,606.39; that from 1930 to 1937 he put into the business from proceeds of a loan on his insurance policy $1,022.76, for which he is entitled to credit in any settlement of adjudication; that plaintiff, from about 1936 on devoted a greater por-

tion of his time to other activities, being the owner of a mine in New Mexico; that plaintiff had not devoted exceeding two-thirds of his time to the partnership of plaintiff and defendant; that on account of such neglect of business by the plaintiff it was necessary to hire additional help at a cost of $10 per week during a period of more than ten years and up to about the beginning of the year 1938; that on account of plaintiff's absence and non-attention to business and the necessity of having to employ additional help it cost the partnership not less than $5,200 for such additional help. Defendant prayed that the plaintiff be charged individually with $2,600 of said sum; further sought $240 as rental from plaintiff for the occupancy of certain space as living quarters, the business property of the partnership.

An auditor was apppointed who in due time filed his report in the case. The auditor's report found for the years 1931 to 1937, inclusive, the respective withdrawals of the parties were as follows: A. F. Wilson, $7667.12; C. B. Wilson, $12,910.40; that the respective withdrawals of the partners from 1920 to 1937, inclusive, were: A. F. Wilson, $33,500.01, C. B. Wilson, $39,017.78. Specific findings were made on several of the items included in the report:

1. A check of $102 drawn in favor of the First National Bank was not charged to plaintiff's drawings.

2. Items dated April 7, 1920, No. 3530, for $90.20, April 8, 1920, No. 3533, $4.00, April 19, 1920, No. 3568, $148.32, were not charged or included in the drawings of plaintiff.

3. On April 20, 1920, an automobile was purchased from the Lone Star Motor Company which was charged to a ledger account as follows: "Cost of car $939.46, insurance $30.10, repairs $22.50, $992.06." Further, in 1921 the same account was charged with service, gasoline and oil in the amount of $752.10, and in 1922 for $598.65. These respective items were charged as firm expense in the auditor's report.

4. Involved an item of $1,000 dated in July, 1920, wherein plaintiff received a check for $1,000. Same was charged to plaintiff as a withdrawal.

5. An item of $3,554.61 representing funds paid out for materials and labor on a house erected by defendant. A credit thereon for $2,427.36, the balance being charged to defendant as withdrawals.

6. Plaintiff was allowed credit for $150 on account of payment of a firm note.

7. An item of $1,022.76 was disallowed as a credit to defendant against his withdrawals. There was a liability for said amount represented by a note payable to the Kansas City Life Insurance Company. There was $578.25 in cash realized on this note, the balance represents interest on the loan and the extension of the premiums. The collateral used was a policy on the life of defendant C. B. Wilson.

In his comments on disputed items in paragraph nine of this portion of the report, the auditor eliminates the $3,602.32 as a withdrawal charged against the plaintiff and $325 as a withdrawal charged against the defendant, on the ground that these two items had nothing to do with the firm business but represented individual transactions between plaintiff and his mother and defendant and his mother.

Plaintiff filed exceptions to the report of the auditor in substance attacking an item of $2,541.81 allowed by the auditor as a firm expense, claiming that same should be an individual charge against the defendant; exception to a charge made in July, 1920, against plaintiff for the sum of $1,000, plaintiff claiming that the firm had been repaid said $1,000 item; further as to the report of the auditor showing that plaintiff, for the year 1928, drew $2,006.16 from the partnership funds and defendant drew $1,897.33 for said period, and alleges that defendant for that year withdrew $4,000 and should have been charged with said sum instead of $1,897.33. The drawings for the year 1929 are assailed by plaintiff, alleging that defendant drew $1,500 more than plaintiff, and asked that he be allowed for the years 1928 and 1929 $4,000 additional as the amount in excess of the amount drawn by plaintiff.

Defendant's exceptions attack the disposition by the auditor of a $3,600.32 item and a $325 item, in that the auditor found that same were not part of the firm business, and alleges that same were part of the firm business and should be considered in the matter of the accounting—plaintiff to be charged with $3,600.32 and defendant with the sum of $325. The action of the auditor is attacked as to an item appearing in paragraph six of the auditor's conclusions allowing plaintiff credit for an item of $150, and that as to such item plaintiff should only have received credit for $25. Defendant further excepted to the action of the auditor in failing to give credit of $1,022.76 on a note payable to the Kansas City Life Insurance Company secured by a policy on defendant's life.

The trial was before the court. Judgment was rendered finding that plaintiff and defendant were partners, decreeing a dissolution of the firm, and finding that defendant had withdrawn from the firm the sum of $4,620.13 in excess of that which plaintiff had withdrawn; decreeing a sale of the partnership assets, the proceeds of which were to be applied to the liquidation of the debts of the copartnership, the said sum of $4,620.13 being established as a debt of the partnership; and that if any balance remained due on said $4,620.13 that one-half the balance be a judgment against the defendant.

Defendant in due time sued out and perfected a writ of error and the case is here for review.

The partners are brothers. Plaintiff in error has been designated in his brief as C. B. and defendant in error as A. F. For convenience we will adopt that designation of the parties.

Neither of the parties demanded that the court make up and file findings of fact and conclusions of law, and for that reason such do not appear in the record.

This appeal in substance involves an attack on the judgment rendered on the ground that the evidence is insufficient to support same. In plaintiff in error's brief the following assignments of error appear:

"I. The trial court erred in charging C. B. with withdrawals of $3346.36 in addition to the amount found by the auditor for the years 1928 and 1929.

"II. The trial court erred in failing to charge A. F. with the reasonable value of that portion of the premises rented by the partnership which A. F. used as living quarters and for the gas, lights and telephone furnished to such quarters by the partnership.

"III. The trial court erred in failing to charge A. F. with the expenses to the partnership for the hire of services necessitated by reason of A. F.'s neglect of the business."

In his supplemental brief the following additional assignment is made: "The trial court erred in disregarding the auditor's report where there was no evidence to support the exceptions thereto. The judg-

ment of the trial court is unsupported by the evidence."

Various and sundry propositions are set forth purportedly germane to these assignments. Under the head of authorities and argument plaintiff in error makes a statement under the propositions. Frequently the statement amounts to a mere assertion without reference to the portion of the statement of facts claimed to sustain same.

Plaintiff in error makes assertion as to the findings made by the trial court on specific matters. Defendant in error in his brief questions the correctness of these deductions in his opponent's brief. Suffice it to say, that the only record we have as to the trial court's holding is the judgment rendered. In the light of the record only may we consider this appeal. "It is a fundamental principle of appellate review that all intendments and presumptions not contradicted by or inconsistent with the record are in favor of the rulings of the trial court. In other words, the presumption is in favor of the right action of the trial court. Error is never presumed; the burden is upon the party complaining of error to show affirmatively by the record that error was committed." 3 Tex.Jur. p. 1036, § 734.

It is asserted by plaintiff in error that the auditor's report insofar as same was unexcepted to by the parties is, as to the matters properly comprehended therein, conclusive. In our opinion, as a general proposition, this is correct. Article 2292, R.S., 1925; Herring v. Herring, Tex.Civ. App., 51 S.W. 865; Hutton v. Graham, Tex.Civ.App., 140 S.W. 1185.

However, insofar as items of the report are properly excepted to each party has the right to have the court adjudicate the validity or invalidity of same.

Plaintiff in error has made a statement of his theory as to the finding of the court in regard to the matters included in the exceptions of the parties. Defendant in error has likewise given us the benefit of several theories as to how the court possibly found as to these various matters. There is some plausibility to each of the respective theories. The fact is, the only way, if it be possible to deduce such findings, is from the evidence, pleadings and judgment.

The crux of the whole complaint of plaintiff in error is that the amount of $4,620.13 adjudged against him as excessive withdrawals is too great. The auditor's report found that his withdrawals exceeded those of defendant in error by $5,517.77. The court found the amount to be $4,620.13.

Defendant in error excepted to four items in the auditor's report aggregating $7,541.81. Plaintiff in error excepted to three items in the report totalling $4,746.08. In the pleadings each party sought relief against the other for partnership delinquencies. One of the items attacked by defendant in error was a credit of $2,541.81 allowed his opponent for the cost and upkeep of an automobile. Beyond question this item was an issue under the evidence. We think the same is true as to the $1,000 item. In our opinion the item of $3,600 excepted to by plaintiff in error was a question of fact; so as to the $150 item; as to the $1,022.76 item. The amount properly allowable thereon was at least a question of fact. It is impossible to say how the court found on these various items.

Plaintiff in error fails to show that the trial court did charge plaintiff in error with withdrawals in the sum of $3346.36 for the years 1928 and 1929 in excess of those shown in the auditor's report. Hence assignment No. 1 must be overruled.

No. 2 complains of the trial court's failure to charge defendant in error with rent for a portion of the business house of the partners which was used for a time as living quarters. This was, in our opinion, a question under the evidence to be determined by the court. No. 2 is overruled.

Assignment No. 3 complains of the trial court's failing to charge defendant in error for expenses to the firm on account of hire for additional services by reason of his neglect of business. This likewise was a question of fact for the court. It is a question as to whether there had been any neglect and, if so, the result thereof.

We think what we have heretofore said disposes of the assignment contained in plaintiff in error's supplemental brief. To copy the assignment again, "The trial court erred in disregarding the auditor's report where there was no evidence to support the exceptions thereto. The judgment of the trial court is unsupported by the evidence." This assignment is too general to require consideration. However, we have considered same and same is overruled.

Finding no error, the judgment of the trial court is affirmed.